UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHOU, M.D., an individual, | No. 2:19-cv-01681-KJM-DB |
| Plaintiff, | |
| v. | STATUS (PRETRIAL SCHEDULING) |
| CARNIVAL CRUISE LINES, an entity of form unknown; CARNIVAL CORPORATION, an entity of form unknown; CARNIVAL CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS CARNIVAL CRUISE LINES, and DOES 2 through 20, inclusive, | ORDER |
| Defendants. | |

An initial scheduling conference was held in this case on January 17, 2020.[1] Michael Schaps appeared for plaintiff; Yesenia Gallegos appeared for defendants.

Having reviewed the parties' Joint Status Report filed on January 10, 2020, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

---

[1] The court is delayed in issuing this order by a series of events since the initial scheduling conference. While this order provides the dates reviewed with the parties at the conference, if the parties wish to propose a modified schedule in light the course of the litigation, they are free to do so. The order also sets the settlement conference requested by the parties, on an expedited basis.

1

I. SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II. ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1441(a), 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a). Jurisdiction and venue are not disputed.

IV. DISCOVERY

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall have been completed within twenty-one (21) calendar days of this Order. All discovery shall be completed by **September 14, 2020**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court. While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below. In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, except that the magistrate judge may modify a discovery cutoff to the extent such modification does not have the effect of requiring a change to the balance of the schedule.

V. DISCLOSURE OF EXPERT WITNESSES

The parties do not foresee expert witnesses being necessary in this dispute.

VI. MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **December 11, 2020**. The

1 parties may obtain available hearing dates by checking Judge Mueller's page on the court's
2 website.

3       All purely legal issues are to be resolved by timely pretrial motions. Local Rule
4 230 governs the calendaring and procedures of civil motions; the following provisions also apply:

5       (a)    The opposition and reply must be filed by 4:00 p.m. on the day due; and

6       (b)    When the last day for filing an opposition brief falls on a legal holiday, the
7 opposition brief shall be filed on the last court day immediately preceding the legal holiday.
8 Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to
9 the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651,
10 652–53 (9th Cir. 1994).

11       The court values the importance of training young attorneys. The parties are
12 encouraged to consider assigning oral argument to a young attorney. If a written request for oral
13 argument is filed before a hearing, stating an attorney of four or fewer years out of law school
14 will argue the oral argument, then the court will ordinarily hold the hearing, although the court's
15 schedule and calendar may require the hearing to be reset. Otherwise, the court may find it
16 appropriate in some actions to submit a motion without oral argument.

17       The court places a page limit of twenty (20) pages on all moving papers, twenty
18 (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases
19 must be made in writing at least fourteen (14) days prior to the filing of the motion.

20       Prior to filing a motion in a case in which the parties are represented by counsel,
21 counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the
22 contemplated motion and any potential resolution. Plaintiff's counsel should carefully evaluate
23 the defendant's contentions as to deficiencies in the complaint and in many instances the party
24 considering a motion should agree to any amendment that would cure a curable defect. Counsel
25 should discuss the issues sufficiently so that if a motion of any kind is filed, including for
26 summary judgment, the briefing is directed only to those substantive issues requiring resolution
27 by the court. Counsel should resolve minor procedural or other non-substantive matters during
28 the meet and confer. **A notice of motion shall contain a certification by counsel filing the**

3

**motion that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**

<u>The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue</u>.

VII.   SEALING

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

VIII.   FURTHER SCHEDULING

The court will set a Final Pretrial Conference date after the resolution of any dispositive motions, or passage of the dispositive motion cutoff, with a trial date being determined at the pretrial conference. The parties should be prepared to confirm a trial date within 60 to 120 days from the date of the final pretrial conference, and should be available for trial accordingly.

IX.   SETTLEMENT CONFERENCE

The parties have expressed interest in appearing for settlement conference. Magistrate Judge Edmund F. Brennan has been randomly selected. A settlement conference is scheduled before Judge Brennan for **October 1, 2020 at 10:00 a.m.**

/////

The parties are directed to submit confidential settlement conference statements via e-mail (efborders@caed.uscourts.gov) to chambers seven (7) days prior to the settlement conference. Such statements are neither to be filed with the clerk nor served on opposing counsel. However, each party shall e-file a one page document entitled Notice of Submission of Confidential Settlement Conference Statement. The parties may agree, or not, to serve each other with the settlement statements. Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms. *See* Local Rule 270.

X.  MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement of the parties by stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

As noted, the assigned magistrate judge is authorized to modify only the discovery dates shown above to the extent any such modification does not impact the balance of the schedule of the case.

XI.  OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: September 10, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE