UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD CHOU, M.D.,

Plaintiff,

v.

CARNIVAL CRUISE LINES, et al.,

Defendants.

No. 2:19-cv-01681-KJM-DB

ORDER[1]

In this breach of contract case, defendants Carnival Cruise Lines and its unnamed employees have filed a motion to dismiss. The court heard oral argument on the motion on January 17, 2020. Michael Schaps appeared for plaintiff; Yesenia Gallegos appeared for defendants. For the reasons below, the court DENIES defendants' motion.

## I. FACTS AND PROCEDURAL HISTORY

This case concerns plaintiff's allegations surrounding work he performed for Carnival Cruise Lines in 2015. On May 31, 2015, defendants hired plaintiff, a board-certified anesthesiologist, to manage ship-based referrals in instances in which sick passengers and crewmembers may require land-based care. First Am. Compl. ("FAC") ¶ 8, ECF No. 7. In July

[1] The court originally signed this order on September 10, 2020 but has just determined it did not make it to the docket. It apologizes for the delay.

2015, plaintiff alleges he was performing the work for which he was hired; he also entered into an oral contract with defendants to "perform a separate and distinct function: consulting with shipboard medical staff to manage the care of critically sick and injured passengers and crewmembers on Defendants' cruise ships." *Id.* ¶ 9. Plaintiff claims defendants agreed to pay him $250 per hour for this work, which was in addition to his $12,500 monthly payment for approving and denying land-based specialized care, as appropriate, for crew and passengers. *Id.* ¶ 10. On June 15, 2017, defendants terminated plaintiff's services for business reasons. *Id.* ¶ 11. Plaintiff expected defendants to pay him $114,000 for the 456 hours of work he had already completed at that time, but defendants did not pay him and as of the date he filed this action have not paid him. *Id.* ¶ 12.

Plaintiff brings a single claim for breach of oral contract. *Id.* ¶ 13. Plaintiff alleges defendants breached the parties' oral agreement when they terminated plaintiff's services and failed to pay him for his services under the agreement. *Id.* ¶ 16. As a result, plaintiff alleges his damages for performing 456 hours of work without pay total $114,000. *Id.* ¶¶ 15–16. Plaintiff requests: (1) compensatory damages of at least $114,000, (2) pre-judgment and post-judgment interest on all sums, and (3) any further relief as the court may deem proper. *Id.* at 4.

Plaintiff initially filed this complaint against defendants in the Superior Court of California, County of Solano, on June 14, 2019. Not. of Removal, ECF No. 1. Defendants removed the matter to this court on August 28, 2019. *Id.* Plaintiff filed an amended complaint on September 27, 2019. *See generally* FAC. In October 2019, plaintiff's counsel and defendants' counsel met to discuss "perceived deficiencies" defendants identified in plaintiff's first amended complaint. Mot., ECF No. 10, at 1. Defendants filed a motion to dismiss following those discussions, ECF No. 10, which plaintiff opposed, Opp'n, ECF No. 12; defendants replied, Reply, ECF No. 14. The court resolves defendants' motion to dismiss below.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

/////

III. DISCUSSION

A. Breach of Oral Contract

Defendants argue plaintiff's claim for breach of oral contract fails to set forth sufficient facts to support a timely contract claim. Mot. at 10. Specifically, defendants claim plaintiff's complaint must fail because it does not "allege sufficient facts of the contract's formation, fails to allege the material terms of the contract with respect to Carnival's payment obligations, and fails to allege sufficient [sic] how and when the contract was purportedly breached." *Id.* at 12. Defendants compare the pleading insufficiencies here to those in *Gottesman v. Santana*, No. 16-CV-2902 JLS (JLB), 2017 WL 2882214 (S.D. Cal. July 6, 2017), and *Roberts, et al. v. UBS AG, et al.*, No. CVF12-0724 LJO SKO, 2013 WL 394701 (E.D. Cal. Jan. 30, 2013). *Id.* at 11.

In *Santana*, the plaintiff alleged he entered into an oral contract that required defendant to pay him "for the license to limited use of the salsa labels and associated designs, time taken to create the works, time to modify same, and time to coordinate production and printing of the labels at [plaintiff] GMAN's normal and customary rates." *Santana*, 2017 WL 2882214, at *3. Plaintiff did not provide a date when he entered into this oral contract and, regarding breach, claimed: "Despite [plaintiff's] demands for payment, these defendants breached the parties' contract by continuing to refuse to pay as agreed." *Id.* The court found plaintiff's allegations could not survive a motion to dismiss because the allegations did not provide essential information, including "any specifics regarding the material terms of the verbal contract between Plaintiff and [defendant] Service First, much less when this contract was allegedly formed and breached." *Id.* Plaintiff provided additional details in his opposition to defendant's motion to dismiss, but those details were not pled in the complaint. *Id.* at *4. The details—"the dates of certain agreements, the approximate hours worked in reliance on those agreements, and the alleged money owed for breaching those agreements"—would likely have stated a plausible claim for the existence of a breach of contract had they been included in the complaint; because they were not, the court could not consider them in its analysis. *Id.*

/////

In *Roberts*, plaintiffs alleged they "entered into implied, oral and written contracts with Defendants to provide [them] with professionally competent investment advisory and execution services, tax and legal advice and services, and accounting services." *Roberts*, 2013 WL 394701, at *17. The plaintiffs further alleged defendants " 'breached their contracts by, among other things, providing each Plaintiff with advice, opinions, recommendations, representations, instructions, and services that Defendants either knew or reasonably should have known to be wrong' . . . and charging plaintiffs 'fees, costs, and expenses that were not chargeable or agreed to by each Plaintiff.' " *Id.* The court found plaintiffs' complaint failed to "identify sufficiently precise contract terms, their breach, who breached them, and how they were breached […] plaintiffs' consideration to support breach of contract claims." *Id.* at *20.

Plaintiff is correct that *Santana* and *Roberts* are "inapposite" to this case, Opp'n at 4, and defendants do not rebut plaintiff's analysis of these cases in their reply, Reply at 6–8. As relevant here, plaintiff alleges he entered into the oral contract in July 2015 to provide on-board care for critically sick passengers at $250 per hour and that he was owed $114,000 for 456 hours of work when defendants terminated him for business reasons on July 15, 2017. FAC ¶¶ 9–12. With these factual allegations, plaintiff provides more detail than either of the plaintiffs in *Santana* and *Roberts*. In particular, he provides the information in his complaint that would likely have led the court in *Santana* to deny the motion to dismiss in that case, if the details were properly pled — namely, "the dates of certain agreements, the approximate hours worked in reliance on those agreements, and the alleged money owed for breaching those agreements." Plaintiff has stated a plausible claim for breach of oral contract.

B. Statute of Limitations

Defendants also argue the applicable two-year statute of limitations bars plaintiff's breach of contract claim insofar as plaintiff contends defendants breached the oral contract before June 14, 2017. Mot. at 12; *see also* Cal. Code Civ. Proc. § 339 (1)[2]. Under this reasoning,

[2] "Within two years: An action upon a contract, obligation or liability not founded upon an instrument of writing, except as provided in Section 2725 of the Commercial Code or subdivision 2 of Section 337 of this code; or an action founded upon a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property, or by policy of title

defendants claim, "there are (at best) two days at issue that may not be barred by the two-year statute of limitations (June 14 and June 15, 2017)." Mot. at 13. Defendants also request the court strike paragraphs 12 and 16 from plaintiff's first amended complaint, because these paragraphs refer to Carnival's alleged breach of the purported oral contract before June 14, 2017. *Id.*

In opposition to defendants' arguments in this respect, plaintiff argues even if he were required to plead around a possible statute of limitations affirmative defense, defendants' motion still fails because any limitations arguments "would not dispose of Plaintiff's claim" entirely. Opp'n at 5. Plaintiff labels defendants' motion to strike as "simply confusing," and argues it appears defendants would like "an order that Plaintiff alleges breaches that occurred before his termination," a result wholly unsupported by the pleadings, which are subject to Federal Rule of Civil Procedure 11. *Id.* at 6.

A fair reading of plaintiff's allegations is that defendants breached the contract on June 15, 2017, when defendants terminated him, and "he expected to be paid what he was owed, and he asked to be paid." FAC ¶ 12. Plaintiff's allegations that he expected and asked to be paid at that time support his position that his alleged damages from the breach of oral contract began on June 15, 2017 as well. Plaintiff's counsel clarified this point at hearing, definitively stating the alleged breach occurred when defendants terminated their employment relationship with plaintiff. These allegations place plaintiff's claim within the two-year statute of limitations, given that plaintiff filed his complaint on June 14, 2019. Defendants characterize plaintiff's failure to allege precisely when they were required to pay him as a "tactic." Reply at 7. But if the court were to accept this argument, it would be disregarding the totality of plaintiff's pleadings and imputing a bad faith motive to plaintiff with no basis for doing so. Plaintiff's claim as pled falls within the statute of limitations.

/////

/////

insurance; provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." Cal. Code Civ. Proc. § 339 (1).

IV. CONCLUSION

For the reasons above, the court DENIES defendants' motion to dismiss (ECF No. 10). The court also DENIES defendants' motion to strike paragraphs 12 and 16 from plaintiff's first amended complaint.

IT IS SO ORDERED.

DATED: December 2, 2020.

CHIEF UNITED STATES DISTRICT JUDGE